IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY JOE DUKE, <br> #57159-177, <br> MOVANT, | § <br> § <br> § <br> § | |
| V. | § <br> § | CASE NO. 3:20-CV-2785-D-BK <br> (CRIMINAL NO. 3:18-CR-6-D-23) |
| UNITED STATES OF AMERICA, <br> RESPONDENT. | § <br> § <br> § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition on the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Movant Billy Joe Duke. As detailed herein, the motion should be **DENIED**.

**I.   BACKGROUND**

In 2018, Duke pled guilty to possession of a controlled substance with intent to distribute and, in 2019, was sentenced to 223 months' and 26 days' imprisonment. *United States v. Duke*, No. 3:18-CR-6-D-23, Crim. Doc. 1238 (N.D. Tex., March 26, 2019). The United States Court of Appeals for the Fifth Circuit granted the government's motion to dismiss the appeal based on Duke's appellate waiver. Crim. Doc. 1557. Duke timely filed the instant § 2255 motion on November 9, 2020, asserting ineffective assistance of counsel and challenging the voluntariness of his guilty plea. Doc. 4 at 4. Duke later filed a memorandum of law and a declaration in support of his original motion. Doc. 5; Doc. 10. The Government filed a response in opposition,

asserting that Duke's alleged grounds for relief lack merit. Doc. 13. Duke filed a reply, arguing that the Government's response is inadequate to allow summary denial of his claim and requesting an evidentiary hearing. Doc. 16.

## II.     ANALYSIS

### A. Applicable Law

To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

In addition, to be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including

whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (finding that to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

When challenging the validity of his guilty plea, a defendant ordinarily may not refute his sworn testimony given at the plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

### B. Duke's Claims Are Unsupported

Duke argues that his guilty plea was involuntary because he relied on counsel's "gross misrepresentation" regarding his sentencing exposure in deciding whether to plead guilty. Doc. 5 at 2, 7. Specifically, he asserts that counsel led him to believe that he faced a maximum prison sentence of 10 years, rather than the guideline range of 235-293 months (capped at 240 months due to the 20-year statutory maximum). Doc. 5 at 2, 8-9; Doc. 10 at 2. Duke contends that he would not have pleaded guilty and would have insisted on going to trial had he received the correct information regarding the guideline imprisonment range. Doc. 5 at 11, 11-12; Doc. 10 at 2-3. He avers that "[t]he huge difference between the likely sentence communicated by counsel and the accurate likely sentence arrived at by applying the guidelines . . . indicates a reasonable probability that absent counsel's gross misrepresentation of the sentencing consequences of the plea, [he] would have persisted in his plea of not guilty and proceeded to trial by jury." Doc. 5 at

12; Doc. 10 at 2-3. He also contends that counsel "threatened [him] with . . . imposition of a virtual life sentence to convince him to accept the plea offer." Doc. 5 at 12; Doc. 10 at 2 ("[I]f I did not accept the plea offer, I would be forced to go to trial and I would end up sentenced to 40 years' imprisonment.").

However, Duke's sworn statements at rearraignment contradict his current assertions that his plea was induced by misinformation or threats from counsel regarding his sentence. At rearraignment, the Court thoroughly cautioned Duke that he could not rely on counsel's opinion about the advisory guideline range and that only the Court would be able to determine the guideline range after considering the Presentence Report ("PSR") and any objections. Crim. Doc. 1517 at 11-13. Further, Duke confirmed under oath his understanding that by pleading guilty he would be subject to "a maximum period of imprisonment of 20 years." Crim. Doc. 1517 at 10. By his Plea Agreement—which he likewise confirmed under oath that he signed only after reading it carefully and discussing it with his counsel—Duke also confirmed his understanding that (1) the Court would determine the sentence after considering the advisory Sentencing Guidelines, (2) no one, including defense counsel, "can predict with certainty the outcome of the Court's consideration of the guidelines in this case," and (3) the Court, in its discretion, could sentence Duke up to the statutory maximum penalty. Crim. Doc. 530 at 3.

Further, Duke assured the Court that his plea was not induced by promises or assurances other than those contained in the Plea Agreement and Plea Agreement Supplement. Crim. Doc. 1517 at 7. He also affirmed that he was fully satisfied with his counsel's advice and representation. Crim. Doc. 1517 at 6.

In addition, Duke had ample time—more than seven months between rearraignment and his sentencing hearing—to advise the Court that his guilty plea was involuntary or that he was

dissatisfied with defense counsel's conduct and supposed misleading statements about his sentencing exposure, but he did not do so. Similarly at sentencing, he voiced no objection about the voluntariness of his guilty plea or his counsel's advice and allegedly deficient performance. Crim. Doc. 1292. Indeed, when given the opportunity to address the court *after* the court overruled counsel's objections (including those to drug quantity), Duke admitted his guilt, apologized, and asked for leniency. Crim. Doc. 1292 at 14. These circumstances strongly suggest Duke's claims are driven by "buyer's remorse" rather than any defect in the guilty plea procedure.

Finally, Duke's reliance on *United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998) in support of his argument that his guilty plea was not voluntary is misplaced. Doc. 16 at 6-7; Doc. 5 at 12. Unlike the defendant in *Gordon*, it is undisputed that Duke knew his maximum statutory sentencing exposure was 20 years. *See* Crim. Doc. 1292 at 14 (Duke stating to the Court, "I don't believe a maximum sentence of 20 years is going to help me get my life back together.").

In sum, Duke presents only self-serving, *post hoc* assertions—not "contemporaneous evidence"— that he would not have pled guilty and would have gone to trial but for counsel's supposed projections about the sentencing guideline range. However, such statements are belied by the record and insufficient to contradict Duke's testimony at rearraignment. *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing). As stated previously, sworn

statements made in open court are entitled to a strong presumption of truthfulness. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Consequently, a defendant will not be permitted to contradict testimony given under oath at arraignment and sentencing. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (requiring movant to produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted his allegations); *United States v. Guzman*, --- F. App'x ---, 2021 WL 2610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (rejecting *post hoc* assertion that the defendant would have proceeded to trial but for counsel's alleged errors based on defendant's sworn statements at re-arraignment and sentencing).

For the foregoing reasons, the Court concludes that Duke has failed to establish that his guilty plea was not knowing and voluntary based on counsel's allegedly deficient performance or that he was prejudiced as a result of the same. Thus, Duke's claim fails.

### III.  EVIDENTIARY HEARING

In his reply, Duke argues that he is entitled to an evidentiary hearing "to allow [him] the opportunity to prove his claims." Doc. 16 at 3, 6. However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because Duke's claims lack merit for reasons wholly supported by the record, as previously noted, no evidentiary hearing is required. *See United States v. McClinton*, 782 F. App'x 312,

314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

## IV. CONCLUSION

The § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 2, 2021.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).